**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| FRIENDS OF THE EARTH, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:94-CV-434 |
| | § | Case No. 1:94-CV-580 |
| CHEVRON CHEMICAL COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT CHEVRON CHEMICAL COMPANY'S MOTION
FOR PARTIAL SUMMARY JUDGMENT REGARDING THE PENALTY
FOR VIOLATION OF A MONTHLY AVERAGE TSS LIMIT**

The following are pending before the court:

1. Defendant Chevron's motion for partial summary judgment regarding the penalty for violation of a monthly average TSS limit (docket entry #145);

2. Plaintiff's opposition to Defendant's motion for partial summary judgment regarding the penalty for violation of a monthly average TSS limit (docket entry #147);

3. Defendant Chevron's reply to Plaintiff's opposition to Chevron's motion for partial summary judgment regarding the penalty for violation of a monthly average TSS limit (docket entry #155); and

4. Plaintiff's sur-reply in opposition to Defendant's motion for partial summary judgment regarding the penalty for violation of a monthly average TSS limit (docket entry #156).

Having considered Chevron's motion and the responses thereto, the court concludes that the motion should be denied.

On July 20, 2004, this court entered its Findings of Fact and Conclusions of Law. The court found that Chevron violated the TSS limitations in its NPDES permit sixty-five times. Findings of

Fact and Conclusions of Law, p. 7. Of those sixty-five violations, sixty-two involved pre-complaint TSS violations while three involved post-complaint TSS violations. Findings of Fact and Conclusions of Law, p. 18. Of the sixty-two pre-complaint TSS violations, twenty-two involved monthly average TSS violations while forty involved daily maximum TSS violations.

The issue now before the court is one of statutory interpretation. The parties are seeking a ruling on the following question: What is the statutory maximum penalty for a monthly average violation under § 309(d) of the Clean Water Act? Chevron is moving for partial summary judgment, seeking a ruling that the monthly average limit should be counted as a single violation. Conversely, FOE is seeking a ruling that the statutory maximum penalty for a monthly average violation is calculated by multiplying the statutory amount by the total number of days in the month in which the violation occurred.

> Section 309(d) of the Clean Water Act provides, in pertinent part, as follows:
>
> Any person who violates . . . shall be subject to a civil penalty not to exceed $25,000 per day for each violation. In determining the amount of a civil penalty the court shall consider the seriousness of the violation or violations, the economic benefit (if any) resulting from the violation, any history of such violations, any good-faith efforts to comply with the applicable requirements, the economic impact of the penalty on the violator, and such other matters as justice may require.

33 U.S.C. § 1319(d). "While the statute does not address directly the matter of monthly average limitations, it does speak in terms of penalties per *day* of violation, rather than penalties per *violation*." *Chesapeake Bay Foundation, Inc. v. Gwaltney of Smithfield, Ltd.*, 791 F.2d 304, 314 (4th Cir. 1986), *vacated on other grounds*, 484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987). "This language strongly suggests that where a violation is defined in terms of a time period longer than a day, the maximum penalty assessable for that violation should be defined in terms of the number of

days in that time period." *Id*. "The EPA agrees in its Penalty Policy that 'violation of a monthly average effluent limitation should be counted as 30 violations.'" *Atlantic States Legal Foundation, Inc. v. Tyson Foods, Inc.*, 897 F.2d 1128, 1139 (11th Cir. 1990).

"Although the maximum penalty for a monthly violation may seem high, we note, as did the *Gwaltney* court, that section 1319(d) only serves to set a maximum penalty." *Id*. "In choosing the correct penalty to be awarded, the district court may take into account the reasons why the daily average limitation was violated in a particular month." *Id*. at 1139-40. "It may be appropriate for the district court to assess higher penalties for the polluter engaging in high discharges on a daily basis than for the polluter who violates the monthly limitation because of a single discharge." *Id*. at 1140.

Recently, the United States Court of Appeals for the Third Circuit adopted "*Gwaltney* insofar as it establishes an absolute upper bound on the penalty that can be assessed for a monthly average violation." *United States v. Allegheny Ludlum Corp.*, 366 F.3d 164, 169 (3d Cir. 2004). Stated differently, the Third Circuit followed "*Gwaltney* on the question of the statutory maximum, and [used] it as a framework, . . ." *Id*. at 189. However, the Third Circuit also provided "guidance structuring the way in which a district court is to exercise its discretion in setting an actual penalty." *Id*. The Third Circuit set forth the following:

> However, permit limits can be exceeded in many different ways, both by very large, isolated discharges and by moderate continuous discharges. Furthermore, daily and monthly average limits are designed to avoid distinct environmental harms. As a result, in some cases a violator's wrongful conduct will merit punishment for both daily and monthly violations, while in others, the conduct will have been sufficiently punished by penalties for daily violations alone. We hold that district courts have discretion to determine, on the facts of each case, how many violation days should be assessed for penalty purposes for the violation of a monthly average limit, based on whether violations are already sufficiently sanctioned as violations of a daily

maximum limit.

*Id*. at 169.

Based on the foregoing authority, and without the benefit of any Fifth Circuit authority, the court concludes that the statutory maximum penalty for a monthly average violation should be calculated by multiplying the statutory amount by the total number of days in the month in which the violation occurred. The court notes that Chevron presents several compelling arguments as to why the statutory maximum penalty should not be imposed; however, Chevron's arguments require a determination of fact which is not appropriate at this stage of the proceedings. Accordingly, Defendant Chevron's motion for partial summary judgment regarding the penalty for violation of a monthly average TSS limit (docket entry #145) is **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 29th day of March, 2006.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE